UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JUAN MANUEL ARREOLA SANCHEZ,

Petitioner,

v.

ORESTES CRUZ, Field Office Director of Enforcement and Removal Operations, San Francisco Field Office, Immigration and Customs Enforcement; TODD LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, U.S. Attorney General of the United States; MINGA WOFFORD, Facility Administrator of Golden State Annex Detention Center; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,

Respondents.

No.  1:26-cv-01178-KES-EPG (HC)

ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

Doc. 2

Before the Court is petitioner Juan Manuel Arreola Sanchez's motion for temporary restraining order.  Doc. 2.  The Court has previously addressed the legal issues raised by the motion for temporary restraining order.  *See e.g.*, *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

The Court ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in *Crispin M. C. v. Noem*, *J.A.C.P. v. Wofford*, and *Lepe v. Andrews*, and that would justify denying the motion.  Doc. 4.

1

The Court also ordered respondents to state their position on whether the motion should be converted to a motion for preliminary injunction and whether they request a hearing. *Id.* Respondents state that "there are no substantial factual or legal issues that render this case distinguishable from this Court's prior decisions." *See* Doc. 7. While respondents oppose the motion, they do not raise any new arguments.[1] *See id.* at 1–2.[2] They also do not object to converting the motion and did not request a hearing. *See id.*

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that render it distinguishable from the Court's prior decisions in *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), and *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), the motion for temporary restraining order is converted to a motion for preliminary injunction and GRANTED, for the reasons stated in those prior orders.

The Court ORDERS that respondents release petitioner immediately. If the government seeks to re-detain petitioner, it must provide no less than seven (7) days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.[3]

---

[1] Two courts of appeal have addressed whether 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens who have lived in the United States for years without having been admitted. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025) (concluding that government was not likely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)(A)); *Buenrostro-Mendez v. Bondi*, --- F.4th ---, Nos. 25-20496, 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026) (finding petitioners were subject to mandatory detention under § 1225(b)(2)(A)). Respondents cite the majority opinion in *Buenrostro-Mendez*. Doc. 7 at 1. The Court finds the analysis in *Castañon-Nava* and in the dissent in *Buenrostro-Mendez* to be more persuasive on the statutory interpretation issue.

[2] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which appears to concern the issue presented here. *See* Doc. 7 at 2. The Court declines to defer ruling on the preliminary injunction given the nature of the relief that petitioner seeks. As further consideration of the petition is referred to the assigned magistrate judge, the magistrate judge may consider whether deferring a final ruling on the petition is warranted pending the Ninth Circuit's decision in *Rodriguez*.

[3] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived.  Courts regularly waive security in cases like this, and the government has not established a need to impose a security bond.

This matter is referred to the assigned magistrate judge for further proceedings, including the preparation of findings and recommendations on the petition for writ of habeas corpus or other appropriate action.

IT IS SO ORDERED.

Dated:    February 12, 2026

_____
UNITED STATES DISTRICT JUDGE